IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| DAVID LEDBETTER, RICHARD CURTIS, FORREST SCOTT FIKES, DENNIS FINNEN, KENNETH GAMBLE, RICHARD E. GONZALEZ, CLINTON M. JOHNSON, JEFFREY L. McALLISTER, TIMOTHY A. NICHOLS, MAURICE E. PHILLIPS, DANNY R. SIMMONS, BRAD WALKER, MARTY J. WEAVER, CLYDE T. WHITLEY, and DONALD R. WILLIAMS,<br><br>        PLAINTIFFS,<br><br>v.<br><br>MERCEDES-BENZ U.S. INTERNATIONAL, INC.,<br><br>        DEFENDANT. | CIVIL ACTION NO.: |

## CLASS ACTION COMPLAINT

COME NOW the Plaintiffs, DAVID LEDBETTER, RICHARD CURTIS, FORREST SCOTT FIKES, DENNIS FINNEN, KENNETH GAMBLE, RICHARD E. GONZALEZ, CLINTON M. JOHNSON, JEFFREY L. McALLISTER, TIMOTHY A. NICHOLS, MAURICE E. PHILLIPS, DANNY R. SIMMONS, BRAD WALKER,

1

MARTY J. WEAVER, CLYDE T. WHITLEY, and DONALD R. WILLIAMS, on behalf of themselves and all others similarly situated and alleges against Defendant MERCEDES-BENZ U.S. INTERNATIONAL, INC., and alleges as follows:

## JURISDICTION/VENUE

1. This Court has original jurisdiction over the claims alleged herein pursuant to 28 U.S.C. § 1331 in that the claims alleged herein arise under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, including 207(a)(1), and 216(b) ("FLSA" or the "Act"). Venue is proper pursuant to 28 U.S.C. § 1391(b) in that the claims alleged herein arose within the Tuscaloosa County, Alabama jurisdiction.

## PARTIES

2. At all times relevant hereto, Plaintiff DAVID LEDBETTER was a resident of the State of Alabama employed by Defendant within the State of Alabama.

3. Each Plaintiff herein has consented to sue as reflected by their attached Consent to Sue.

    (a) RICHARD CURTIS, 30 Tammy Lane, Jasper, Walker County, Alabama 35504;

    (b) FORREST SCOTT FIKES, 4822 14th Street East, Tuscaloosa, Tuscaloosa County, Alabama 35404;

    (c) DENNIS FINNEN, 628 Townsend Road, Bibb County, Alabama

35188;

(d) KENNETH GAMBLE, 20855 Dreamlake Road, McCalla, Tuscaloosa County, Alabama 35111;

(e) RICHARD E. GONZALEZ, 1609 Tuckers Pass, Centreville, Bibb County, Alabama 35042;

(f) CLINTON M. JOHNSON, 254 Oak Hill Drive, West Blocton, Bibb County, Alabama 35184;

(g) JEFFREY L. McALLISTER, 3520 McConnell Lane, Birmingham, Jefferson County, Alabama 35214;

(h) TIMOTHY NICHOLS, Route 4 Box 36-C, Marion, Perry County, Alabama 36756;

(i) MAURICE E. PHILLIPS, 1600 Rutledge Lane, Jasper, Walker County, Alabama 35503;

(j) DANNY R. SIMMONS, 21380 Brenda Drive, Lake View, Tuscaloosa County, Alabama 35111;

(k) BRAD WALKER, 10481 Crystal Cove Lane, Brookwood, Tuscaloosa County, Alabama 35444;

(l) MARTY J. WEAVER, 140 Chestnut Lane, Hayden, Blount County, Alabama 35079;

(m) CLYDE T. WHITLEY, 2109 Edenwood Drive, Hueytown, Jefferson County, Alabama 35023;

(n) DONALD R. WILLIAMS, 1060 Pocahontas Road, Bessemer, Jefferson County, Alabama 35022.

4. At all times relevant hereto, Defendant Mercedes-Benz U.S. International, Inc. (herein "MBUSI" or "Mercedes") was an Alabama Corporation

doing business in the State of Alabama. MBUSI's registered agent for service is Matthew J. Kendrick, 1 Mercedes Drive, Vance, Alabama 35490.

### CLASS AND REPRESENTATIVE CLAIMS

5. Plaintiffs bring this action on their own behalf, on behalf of the class of all persons similarly situated.

6. Plaintiffs seek to represent a class of all employees of Defendant, who at all relevant times were employed as full-time hourly, non-exempt maintenance employees by Defendant at the Vance Plant, and who were are victims of the same illegal policy and practices of failing to be paid for all hours worked and resulting overtime at one-half times their regular rate for all hours worked over forty (40) per week in violation of the federal Fair Labor Standards Act 29 U.S.C. § 207(a)(1)("the Act").

Plaintiff and members of the putative class were employed by Defendant as full-time, non-exempt, maintenance workers in jobs which were for purposes of the Act substantially similar.

7. The class so numerous that the joiner of each member of the class is impracticable because it consists of at least 150 employees.

8. Plaintiffs were not completely relieved of duties during unscheduled or irregularly scheduled lunch breaks in violation of the Act and 29 C.F.R. §

785.19. [1]

9. Alternatively, the unpaid lunch breaks were for the predominant benefit of the employer.

10. Maintenance workers, like Plaintiffs and those they seek to represent, had significant affirmative responsibilities during unpaid lunch breaks, including but not limited to: wearing radios or other communication devices on their person such that they could be, and were, frequently called to duty including physically moving to another location for work or answering maintenance questions during the break; restricted as to when the break could be taken; not allowed to leave the job site; not allowed to schedule a set time for the unpaid lunch break; not allowed to drink alcoholic beverages; not allowed to play games; not allowed to watch television; prohibited from running personal errands; generally limited in the types of activities they could engage in; and/or subject to immediate recall during their breaks.

11. Defendant suffered and permitted Plaintiffs to work off the clock with actual or constructive knowledge of employees' off the clock activities.

12. Defendant's personnel officials told maintenance works who

---

[1] The Eleventh Circuit follows the "complete relief" from duties standard rather than the "predominant benefit test." *Kohlheim v. Glynn County, Ga.*, 915 F.2d 1473, 1477 (11th Cir. 1990).

complained of not being paid in accordance with the Act that "we follow 'Mercedes Law' around here and if you don't like it you'll have to get a lawyer and sue for your money" or similar words to that effect.

13.     MBUSI knew that its conduct was prohibited by the Act or showed reckless disregard for FLSA requirements such that its conduct is deemed willful which affords Plaintiffs all rights, remedies and penalties associated with such conduct. See 29 C.F.R. 578.3(c).

14.     Under Defendant's method of recording time, Plaintiffs were not compensated for time and/or not compensated one-and-one-half for all hours worked over forty (40) in a work week because of unpaid lunch breaks.

15.     There is a well-defined community of interest in the questions of law and fact affecting the members of the class Plaintiffs seek to represent.  The class members' claims against Defendant involve questions of common or general interest, in that their claims are based on Defendant's implementation and utilization of a policy pursuant to which all members of the class were required to or suffered and permitted to work and did work without payment, or without payment of overtime at one and one-half times their regular rate for all hours worked over forty (40) per week in violation of the federal Fair Labor Standards Act 29 U.S.C. § 207(a)(1).

16. Plaintiffs will fairly and adequately represent the interests of the Class members, because the Plaintiffs are members of the class and the claims of Plaintiff are typical of those in the class.

17. Plaintiffs request permission to amend the complaint to include additional class representatives if Plaintiffs are deemed not to be adequate representatives of the class.

## FIRST CAUSE OF ACTION
### (Failure to Pay Wages or Overtime Wages)

18. Plaintiffs incorporate each and every allegation contained above, and realleges said allegations as if fully set forth herein.

19. Act, 29 U.S.C. § 201 *et seq.* and 207(a)(1) ("FLSA" or the "Act"), states that an employee must be paid wages for all time worked and overtime wages equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

20. At all times relevant, Defendant has failed to pay Plaintiffs for unpaid lunch breaks and overtime for all of the hours they have worked over 40 per week associated with said lunch breaks in violation of the Act.

21. In particular, Defendant's compensation scheme fails to properly pay Plaintiff and the members of the class wages or overtime compensation at one and

one-half times their regular rate of pay for many hours worked over 40 per week associated with unpaid lunch breaks.

22. Defendant's failure to pay Plaintiffs and the putative members of the Class wages or overtime compensation at one and one-half times their regular rate of pay for all hours worked in excess of 40 per week violates the Act and Plaintiffs, on behalf of themselves and all putative members of the Class, seek compensation for all overtime hours worked for the time period relevant herein as well as attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant as hereinafter set forth:

1. For an order of restitution that Defendant pay to Plaintiffs and the members of the putative class all sums due and owing for failure to pay wages and overtime at one and one half times their regular rate for all hours worked over forty (40) within a week;

2. For all interest on any sums awarded as allowed by law;

3. For all reasonable attorneys fees provided for by any applicable statute;

4. For all costs of this suit allowed by law, including but not limited to 29 U.S.C. § 216(b);

5.  For any other and further relief that the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial pursuant to the Seventh Amendment.

Dated this _____ day of March, 2010.

                                        Respectfully submitted,


                                        _____
                                        MARK R. THIERMAN (*pro hac vice pending*)
                                        laborlawyer@pacbell.net
                                        THOMAS F. CAMPBELL
                                        tcampbell@campbelllitigation.com
                                        D. KEIRON McGOWIN
                                        kmcgowin@campbelllitigation.com
                                        Attorneys for Plaintiffs


**OF COUNSEL:**
Mark R. Thierman (*pro hac vice application pending*)
laborlawyer@pacbell.net
**THIERMAN LAW FIRM, APC**
7287 Lakeside Drive
Reno, Nevada  89511
Tel: (775) 284-1500

and

Thomas F. Campbell, SB # ASB-5900-M60T
tcampbell@campbelllitigation.com
D. Keiron McGowin, SB # ASB-1623-I48D
kmcgowin@campbelllitigation.com
**CAMPBELL LAW**

A Professional Corporation
100 Concourse Parkway, Suite 115
Birmingham, Alabama  35244
Tel:  (205) 397-0307
Fax:  (205) 278-6654

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL**

Mercedes-Benz U.S. International, Inc.
c/o Matthew J. Kendrick, Registered Agent
1 Mercedes Drive
Vance, Alabama  35490