# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **FORREST SCOTT FIKES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO:** |
| ) | **7:15-cv-1393-SLB** |
| **MERCEDES-BENZ U.S. INTERNATIONAL,** ) | |
| **INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## FIRST AMENDED COMPLAINT

Plaintiff FORREST SCOTT FIKES ("Plaintiff"), by undersigned counsel, complains against MERCEDES-BENZ U.S. INTERNATIONAL, INC. ("Defendant"), as follows:

## JURISDICTION/VENUE

1. This Court has original jurisdiction over the claims alleged herein pursuant to 28 U.S.C. § 1331 in that the claims alleged herein arise under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* including 207(a)(1), and 216(b) ("FLSA" or the "Act".) Venue is proper pursuant to 28 U.S.C. § 1391(b) in that the claims alleged herein arose within the Tuscaloosa County, Alabama jurisdiction.

## PARTIES

2. At all times relevant herein, Plaintiff FORREST SCOTT FIKES was a resident of the State of Alabama employed by Defendant within the State of Alabama.

3. At all times relevant hereto, Defendant Mercedes-Benz U.S. International, Inc. (herein "MBUSI" or "Mercedes") was an Alabama Corporation doing business in the State of Alabama. MBUSI's registered agent for service is



Edward R. Christian, 420 No. 20th Street, Suite 3400, Birmingham, Alabama 32503.

## SUMMARY OF CLAIMS

4. Plaintiff has been employed as a full-time hourly non-exempt maintenance employee by Defendant at the Vance Plant during the relevant time period alleged herein, and was a victim of the illegal policy and practices of failing to be paid for all hours worked and resulting overtime at one-half times their regular rate for all hours worked over forty (40) per week in violation of the Federal Fair Labor Standards Act 29 U.S.C. § 207(a)(1)("the Act").

5. Plaintiff was not completely relieved of duties during unscheduled or irregularly scheduled lunch breaks in violation of the Act and 29 C.F.R. § 785.19.[1]

6. Alternatively, the unpaid lunch breaks were for the predominant benefit of the employer.

7. MBUSI maintenance workers, like Plaintiff, had significant affirmative responsibilities during unpaid lunch breaks, including but not limited to: wearing radios or other communication devices on their person such that they could be, and were, frequently called to duty including physically moving to another location for work or answering maintenance questions during the break; restricted as to when the break could be taken; not allowed to leave the job site; not allowed to schedule a set time for the unpaid lunch break; not allowed to play games; not allowed to watch television; prohibited from running personal errands; generally limited in the types of activities they could engage in; and/or subject to immediate recall during their breaks.

---

[1] The Eleventh Circuit follows the "complete relief" from duties standard rather than the "predominant benefit test." *Kohlheim v. Glynn County, Ga.,* 915 F.2d 1473, 1477 (11th Cir. 1990).

8. Defendant suffered and permitted Plaintiff to work off the clock with actual or constructive knowledge of Plaintiff's off the clock activities.

9. Defendant's personnel officials, supervisors, and other management personnel told maintenance workers who complained of not being paid in accordance with the Act that "we follow 'Mercedes Law' around here and if you don't like it you'll have to get a lawyer and sue for your money" or similar words to that effect.

10. MBUSI knew that its conduct was prohibited by the Act or showed reckless disregard for FLSA requirements such that its conduct is deemed willful which affords Plaintiff all rights, remedies and penalties associated with such conduct. See 29 C.F.R. 578.3(c).

11. Under Defendant's method of recording time, Plaintiff was not compensated for time and/or not compensated one-and-one-half for all hours worked over forty (40) in a week because of unpaid lunch breaks.

## FIRST CAUSE OF ACTION

(Failure to Pay Wages or Overtime Wages)

12. Plaintiff incorporates each and every allegation contained above, and realleges said allegations as if fully set forth herein.

13. Act, 29 U.S.C. § 201 *et seq.* and 207(a)(1) ("FLSA" or the "Act"), states that an employee must be paid wages for all time worked and overtime wages equal to 1.5 times the employees' regular rate of pay, for all hours worked in excess of 40 per week.

14. At all times relevant, Defendant has failed to pay Plaintiff for unpaid lunch breaks and overtime for all of the hours he worked over 40 per week associated with said lunch breaks in violation of the Act.

15. In particular, Defendant's compensation scheme fails to properly pay Plaintiff wages or overtime compensation at one and one-half times their regular

rate of pay for many hours worked overt 40 per week associated with unpaid lunch breaks.

16. Defendant's failure to pay Plaintiff's wages or overtime compensation at one and one-half times their regular rate of pay for all hours worked in excess of 40 per week violates the Act and Plaintiff seeks compensation for all overtime hours worked for the time period relevant herein as well as attorneys' fees costs, and interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as hereinafter set forth:

1. For an order of restitution that Defendant pay to Plaintiff all sums due and owing for failure to pay wages and overtime at one and one half times his regular rate for all hours worked over forty (40) within a week;

2. For all interest on any sums awarded as allowed by law;

3. For all reasonable attorneys' fees provided for by any applicable statute;

4. For all costs of this suit allowed by law, including but not limited to 29 U.S.C. § 216(b);

5. For any other and further relief that the court deems just and proper.

Dated this 4th day of September, 2015.

/s/Joshua D. Buck
Mark R. Thierman
Joshua D. Buck
Thierman Buck, LLP
7287 Lakeside Drive
Reno, Nevada  89511

Thomas F. Campbell
D. Keiron McGowin
Campbell Law

4

>One Chase Corporate Drive
>Suite 180
>Birmingham, Alabama  35244
>
>*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 4, 2015, I electronically filed the foregoing **First Amended Complaint** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael L. Lucas
Ashley H. Hattaway
BURR & FORMAN
3400 Wells Fargo Tower
420 North 20th Street
Birmingham, AL 35203

                                                /s/Joshua D. Buck
                                                Attorneys for Plaintiffs